In re GAIM DEVELOPMENT
'CORP., Debtor.

HOME SAVINGS ASSOCIATION OF
FLORIDA, a Florida Corporation,
Plaintiff,

v.

GAIM DEVELOPMENT CORP., a
Florida Corporation, Defendant.

Bankruptcy No. 80-1384-BKC-SMW.
Adv. No. 80-0319-BKC-SMW-A.

United States Bankruptcy Court,
S. D. Florida.

Feb. 9, 1981.

Lawrence M. Schantz, Miami, Fla., Raymond Ray, Fort Lauderdale, Fla., for debtor.

Herbert Stettin, Miami, Fla., for Home Savings Ass'n.

Harold Braynon, Miami, Fla., for State of Florida, Dept. of Health and Rehabilitative Services.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard before the Court upon continued hearing on the adversary complaint filed by HOME SAVINGS ASSOCIATION OF FLORIDA, as required by the Court's Order of January 26, 1981, and the Court having taken additional testimony from William Lemke, Sr. Vice President of HOME SAVINGS ASSOCIATION OF FLORIDA as to the extent of the first mortgagee's lien, and from Charles King, the Attorney for Eden Health Facilities, Inc., the prospective purchaser of the property, and having reviewed the pleadings on file, including the transcript of testimony and argument at the trial held before the Court on January 21, 1981, and having heard argument of counsel and being otherwise fully advised in the premises, it is hereupon

ORDERED and ADJUDGED as follows:

1. At the hearing on January 21, 1981, the Debtor proffered that it was close to obtaining a contract from a prospective purchaser for the sale of the property, subject to the HOME SAVINGS ASSOCIATION OF FLORIDA mortgage, and further that an application for licensure and registration would be made to the State of Florida, Department of Health and Rehabilitative Services in order for the property in question to be licensed and certified for use as a nursing care facility. The Court indicated at that hearing the mortgagee appeared entitled to relief from the stay, and that the debtor would have to show the Court that it had a valid purchaser, ready, willing and able to purchase the property on terms satisfactory to the mortgagee insofar as its lien was concerned, and in addition thereto, that HRS agrees to re-certify the property for use as a nursing care facility. The Court ordered that "both of those conditions must be met by February 4th."

2. Testimony at the continued trial before the Court on February 4th, 1981, indicated, without contradiction, the cost of operating, maintaining and securing the property has continued to be solely borne by HOME SAVINGS ASSOCIATION OF

FLORIDA. The amount of the lien due to HOME SAVINGS ASSOCIATION OF FLORIDA, includes 1980 real estate taxes, insurance premiums, guard service, interest accruing on the final judgment of foreclosure of October 16, 1980, and the other costs and expenses, including attorneys' fees which have continued to accrue. The Court reserves jurisdiction to add these sums to the lien held by HOME SAVINGS ASSOCIATION OF FLORIDA on the debtor's property.

3. The Court finds the first mortgagee's lien equals or exceeds the value of the collateral as testified to before the Court on January 21st, 1981. The Court notes the property is largely a single purpose building and is vacant at this time. No license or certification presently exists for its use as a nursing care facility. The Court is of the view that HOME SAVINGS ASSOCIATION OF FLORIDA has satisfactorily proven that there is a lack of adequate protection of its interest in the property within the meaning of Section 362(d) of the Bankruptcy Code and is therefore entitled to relief from the stay order previously entered by this Court. HOME SAVINGS ASSOCIATION OF FLORIDA is therefore freed from the stay previously in effect against the sale or other disposition of the debtor's property.

4. The sale of the debtor's property, more particularly described on the final judgment of foreclosure dated October 16, 1980, a true copy of which is attached hereto, shall be set by the Clerk of the Circuit Court of Broward County under the terms of the final judgment of foreclosure attached hereto as Exhibit "A" [exhibit omitted on publication], which sale shall take place on or after April 1st, 1981, at a time and place to be set by the Clerk of the Circuit Court of Broward County.

5. Said sale shall be subject to confirmation by this Court. The Court retains jurisdiction over the cause and the property for the purpose of confirmation of the sale described above. HOME SAVINGS ASSOCIATION OF FLORIDA shall, in addition to the advertising required for sale by the Clerk of the Circuit Court, also advertise the property in a newspaper of general circulation in Dade and Broward Counties, Florida. All of the costs and expenses of the sale and advertising for the sale, shall also be a part of the lien of HOME SAVINGS ASSOCIATION OF FLORIDA secured by the property described in the final judgment of foreclosure attached hereto as Exhibit "A" [Exhibit omitted on publication].

6. The Court retains jurisdiction for the purpose of enforcing the terms of this Order as well as the confirmation of the sale described above.